# APPENDIX E
# COURT OF CRIMINAL APPEALS OF TEXAS
# APPLICATION FOR A WRIT OF HABEAS CORPUS
# SEEKING RELIEF FROM FINAL FELONY CONVICTION
# UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

## DEFINITIONS

In this application form:

1. "Applicant" means a person seeking relief in an application for a writ of habeas corpus from his or her felony conviction imposing a sentence other than the death penalty or a probated sentence that has not been revoked. An applicant can be an inmate or a non-inmate whose liberty is restrained.

2. "Inmate" means a person who is in custody in a prison or jail.

3. "Petitioner" means a person, **including an attorney or a non-attorney**, presenting an application for a writ of habeas corpus on behalf of another person (the applicant). Any petitioner may present an application on behalf of an applicant for the purpose of obtaining relief from the applicant's felony conviction. However, the petitioner presenting the application form must sign and attest that he or she has consulted with the applicant concerning the application and the applicant has given consent to the filing of this application form.

## INSTRUCTIONS

1. **All applicants and petitioners, including attorneys, must use the complete application form.** You must use this application form, which begins on the page following these instructions, to file an application, or an amended or supplemental application, for a writ of habeas corpus seeking relief **from a final felony conviction under Article 11.07 of the Code of Criminal Procedure.** (This application form is not for death-penalty cases, probated sentences which have not been revoked, misdemeanors, or pretrial habeas applications under Article 11.08 of the Code of Criminal Procedure.)

2. **Failure to follow these instructions may cause your entire application to be dismissed.**

3. The district clerk of the county in which you were convicted will make this application form available to you, on request, without charge. The form can also be obtained from the Court of Criminal Appeals' website.

4. You must **file** the entire application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

5. You must make a separate application on a separate form for each case number from which you seek relief. Even if the judgments were entered in the same court on the same day, you must complete a separate application form for each case number. If a case number has multiple counts, include all the counts on one application form.

6.  You **must** include all grounds for relief on the application form as provided by the instructions under item 18. You **must** also briefly summarize the facts of your ground on the application form as provided by the instructions under item 18. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the ground in the form.

7.  Answer every item that applies to you on the application form. Do not attach any additional pages for any ground. However, if you have more than five grounds for relief, you may include additional copies of pages 14 and 15 to add more grounds for relief. Additional grounds must still comply with instruction 6.

8.  Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and certifies that the document does not exceed 15,000 words if computer-generated or 50 pages if not.

9.  You must verify the application form by signing either the appropriate Unsworn Declaration or the "Oath Before a Notary Public," which are at the end of this form. If you are a petitioner presenting the application on behalf of an applicant, you may sign and verify the application form on behalf of the applicant. **However, any petitioner who signs and verifies the application form may be prosecuted and convicted for aggravated perjury if the application form contains any false statement of a material fact.**

10. When the application form is fully completed, mail the original and any exhibits and memorandum of law to the district clerk of the county of conviction or electronically file the application form with the district clerk of the county of conviction following the current electronic filing rules for criminal cases. Keep a copy of the application form for your records.

11. You must notify the district clerk of the county of conviction of any change in your address or email address after you have filed your application form. In addition, after the application form has been received by the Court of Criminal Appeals, you must notify the Clerk of the Court of Criminal Appeals of any change in your address or email address.

12. **Warning: If the application form does not include all of the grounds for relief, additional grounds brought at a later date may be procedurally barred.** *See* TEX. CODE CRIM. PROC. Art. 11.07 § 4.

Case No. F - 209
(The district clerk of the county of conviction will fill in this blank.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE ARTICLE 11.07

NAME: Secial Heath

DATE OF BIRTH: Nov 24 / 1965

PLACE OF CONFINEMENT: Cass County Jail

WARDEN: Larry Bayne

TDCJ-CID NUMBER: 104176 533519  SID NUMBER: 04184339
2060464

(1)   This application concerns (check all that apply):

☑ a conviction          ☑ parole

☑ a sentence            ☑ mandatory supervision

☑ time credit           ☑ out-of-time appeal or petition for
                          discretionary review

(2)   What are the court number and county of the district court in which you were
      convicted?

      11076  Cass County Dayton Upshur Fairfield

(3)   What was the case number in the trial court? (Put only one case number here, even if
      it includes multiple counts. You must make a separate application on a separate form for
      other case numbers.)

      F - 209

(4)   What was the name of the trial judge?

      Judge Jack Carter

(5)     Were you represented by counsel?  If yes, provide the attorney's name:

_____

(6)     What was the date that the judgment was entered?

_____

(7)     For what offense were you convicted and what was the sentence?

_____

(8)     If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_____

_____

(9)     What was the plea you entered? (Check one.)

    ☐ guilty-open plea    ☐ guilty-plea bargain
    ☐ not guilty    ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

(10)    What kind of trial did you have?

    ☐ no jury    ☐ jury for guilt and punishment
                 ☐ jury for guilt, judge for punishment

(11)  Did you testify at trial?  If yes, at what phase of the trial did you testify?

_____

(12)  Has your sentence discharged?  ☐ yes   ☐ no

If you answered yes, when did your sentence discharge? _____

(13)  Did you appeal from the judgment of conviction?

☐ yes                         ☐ no

If you did appeal, answer the following questions:

(A)  Which court of appeals decided the appeal? _____

(B)  What was the case number? _____

(C)  Were you represented by counsel on appeal? If yes, provide the attorney's
     name: _____

(D)  What was the decision and the date of the decision?_____

_____

(14)  Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                         ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A)  What was the case number? _____

(B)  What was the decision and the date of the decision? _____

_____

(15)  Have you previously filed an application for a writ of habeas corpus under Article
      11.07 of the Texas Code of Criminal Procedure challenging *the conviction in this
      case number*?

☐ yes                         ☐ no

If you answered yes, answer the following questions:

(A)  What was the Court of Criminal Appeals' writ number? _____
(B)  What was the decision and the date of the decision? _____

(C)  Please briefly explain why the current grounds were not presented and could not have been presented in your previous application.

_____

_____

_____

_____

_____

(16)  Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                    ☐ no

If you answered yes, please provide the name of the court and the case number:

_____

(17)  If you are presenting a time credit claim, other than for pre-sentence jail time credit, have you exhausted your administrative remedies by presenting the time credit claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies.)

☐ yes                    ☐ no

If you answered yes, answer the following questions:

(A)  What date did you present the claim to the time credit resolution system?

_____

(B)  Did you receive a decision and, if yes, what was the date of the decision? _____

_____

If you answered no, please explain why you have not presented your time credit claim to the time credit resolution system of the Texas Department of Criminal Justice:

_____

_____

_____

_____

(18)   Beginning on page 6, state concisely every legal ground for why you think that you
       are being illegally confined or restrained and then briefly summarize the facts
       supporting each ground. You must present each ground and a brief summary of the
       facts on the application form. <u>If your grounds and a brief summary of the facts have
       not been presented on the application form, the Court will not consider your
       grounds. A factual summary that merely references an attached memorandum or
       another ground for relief will not constitute a sufficient summary of the facts.</u>

       If you have more than four grounds, use pages 14 and 15 of the application form,
       which you may copy as many times as needed to give you a separate page for each
       ground, with each ground numbered in sequence. The recitation of the facts
       supporting each ground must be no longer than the two pages provided for the
       ground in the form.

       You may include with the application form a memorandum of law if you want to
       present legal authorities or provide greater factual detail, but the Court will _not_
       consider grounds for relief set out in a memorandum of law that were not raised on
       the application form. The memorandum of law must comply with Texas Rule of
       Appellate Procedure 73 and must not exceed 15,000 words if computer-generated or
       50 pages if not. If you are challenging the validity of your conviction, please include
       a summary of the facts pertaining to your offense and trial in your memorandum of
       law.

       <u>If the application form does not include all of the grounds for relief,
       additional grounds brought at a later date may be procedurally barred.</u>

**GROUND ONE:**

_____

_____

**FACTS SUPPORTING GROUND ONE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**GROUND _____:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, I PRAY THAT THE COURT GRANT THE RELIEF TO WHICH APPLICANT MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

**This application form *must be verified* in one of the following ways by either an applicant or a petitioner or it may be dismissed for noncompliance.**

### *Applicants*

In order to verify this application form, an applicant must sign one of the following:

  (1) the "Unsworn Declaration" for inmates (page 16) if applicant is an inmate; or
  (2) the "Unsworn Declaration" for non-inmates (page 17) if applicant is not an inmate; or
  (3) the "Oath Before a Notary Public" before a notary public (page 18).

### *Petitioners*

If a petitioner, including an attorney, presents an application form on behalf of an applicant, the petitioner may verify the application form for the applicant. In order to verify this application form, a petitioner must sign one of the following:

  (1) the "Unsworn Declaration" for inmates (page 16) if petitioner is an inmate; or
  (2) the "Unsworn Declaration" for non-inmates (page 17) if petitioner is not an inmate; or
  (3) the "Oath Before a Notary Public" before a notary public (page 18).

In addition, *all petitioners*, including attorneys, presenting an application on behalf of an applicant must complete "Petitioner's Information" and sign "Petitioner's Statement" (page 19).

## UNSWORN DECLARATION (INMATE)

My name is (First) Secial (Middle)_____ (Last) Heath , my date

of birth is 06/24/1965, and my inmate identifying number, if any, is 104126 .

I am presently incarcerated in (Corrections unit name) Cass County Jail in

(City) Linden , (County) Cass County , (State) Texas ,

(Zip Code) 75563 . I declare under penalty of perjury that the contents of this application for a

writ of habeas corpus and the facts stated in the application form are true and correct.

Executed on the 24 day of (Month) January (Year) 2024 .

Signature of Declarant: Secial Heath

## UNSWORN DECLARATION (NON-INMATE)

My name is (First) _____ (Middle) _____ (Last)_____, my

date of birth is _____, and my address is (Street)_____

_____, (City)_____ , (State)_____, (Zip

Code)_____, and (Country)_____. I declare under penalty of perjury that

the contents of this application for a writ of habeas corpus and the facts stated in the application form

are true and correct.

Executed in _____County, State of _____, on the

_____day of (Month)_____ (Year)_____.

Signature of Declarant: _____

**OATH BEFORE A NOTARY PUBLIC**

STATE OF TEXAS

COUNTY OF  _Cass_

_Serial Heath_____, being duly sworn, under oath says: "I am the applicant or petitioner in this action and know the contents of this application for a writ of habeas corpus and, according to my belief, the facts stated in the application form are true."

                                    _Serial. Heath_____
                                    Signature of Declarant


SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.


                                    _____
                                    Signature of Notary Public

## PETITIONER'S INFORMATION

*(Contact information for a petitioner presenting this application on behalf of the applicant)*

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Email Address: _____

## PETITIONER'S STATEMENT

"I am signing and presenting this application form on behalf of the applicant for the purpose of obtaining relief from the applicant's felony conviction. I have consulted with the applicant concerning this application and the applicant has given consent to the filing of this application form."

_____
Signature of Petitioner

Signed on _____, 20_____.